IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Lamar Tolden and,** <br> **Jadyn Smith** <br><br> **Plaintiff,** <br><br> v. <br><br> **The City's Finest, LLC, and** <br> **Charles R. Betts,** *individually*, <br><br> **Defendants.** | ) ) ) ) ) ) ) ) ) ) Civil Action No. ) ) ) ) ) ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF**
**THE FAIR LABOR STANDARDS ACT & MISSOURI MINIMUM WAGE LAW**

**COMES NOW** Plaintiffs Lamar Tolden and Jadyn Smith, by and through counsel, and for their Complaint against The City's Finest, LLC (hereinafter "TCF") and Charles R. Betts (hereinafter, collectively "Defendants") states and alleges as follows:

**NATURE OF THE COMPLAINT**

1. Plaintiff Lamar Tolden brings this action against Defendants under state and federal law, specifically the Missouri Minimum Wage Law ("MMWL") Mo. Rev. Stat. § 290.500 *et seq*. and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff Jadyn Smith brings this action against Defendants under state and federal law, specifically the Missouri Minimum Wage Law ("MMWL") Mo. Rev. Stat. § 290.500 *et seq*. and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

3. Defendants' payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq.*

4. Defendants' payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

5. For said violations, Plaintiffs seek declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Lamar Tolden is an adult resident of The City of St. Louis, Missouri.

7. Plaintiff Jadyn Smith is an adult resident of the City of St. Louis, Missouri.

8. Plaintiffs are individuals who are currently or were formerly employed by Defendants as Security Officers. They were paid on an hourly basis and regularly worked more than forty hours per week. However, they were denied the statutorily required overtime premium for hours worked beyond forty in a workweek. This denial was based on Defendants' common practice, policy, or scheme of refusing to pay overtime premiums.

9. Upon information and belief, Defendant Charles R. Betts is an adult resident of St. Louis County, MO.

10. Defendant TCF is a limited liability company registered and operating in Missouri. TCF may be reached for service through its registered agent Gregory G. Fenlon, 601 S Lindbergh Blvd., Saint Louis, MO 63131-2733.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' claims brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

12. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' claims brought under the Missouri Minimum Wage Law, Mo. Rev. Stat. §

290.500 *et seq*. Plaintiffs' claims for violations of the MMWL are so related to their federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

13. Defendant Charles R. Betts is an adult resident of Missouri and, consequently, this Court has personal jurisdiction over him.

14. Defendant TCF is a limited liability company incorporated in Missouri, currently registered to do business in, employing citizens of, and subject to service of process in the State of Missouri; this Court, therefore has personal jurisdiction over TCF.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

16. Defendant Charles R. Betts is the founder and owner of Defendant TCF.

17. TCF is a limited liability company which provides security services to businesses, hospitals, special business districts, and residential areas throughout Missouri.

18. Upon information and belief, from December 1, 2020, to present, TCF has an annual gross volume of business done of no less than $500,000.

19. TCF employs approximately 200 Security Officers to provide security services for its clients.

20. On or about June 30, 2022, Defendants hired Plaintiff Lamar Tolden to work as an Armed Security Officer.

21. As an Armed Security Officer, Mr. Tolden was assigned to work multiple guard shifts at one or more of Defendants' client businesses each week.

22. Throughout his employment, Defendants paid Mr. Tolden a base hourly rate of $25.00.

23. Defendants also paid Plaintiffs shift differentials for working shifts on nights and weekends.

24. During their employment with TCF, Plaintiffs regularly worked significantly more than 40 hours per week; on several occasions, Plaintiffs worked more than 70 hours a week.

25. Despite working substantial overtime, Defendants never paid Plaintiffs an overtime premium for their hours worked over 40 in a workweek.

26. During their employment, Plaintiffs inquired about Defendants' lack of overtime pay.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiffs reallege and incorporate all allegations above as if actually set forth herein.

28. At all relevant times, Defendants were acting as "employers" within the definition and coverage of the FLSA, 29 U.S.C. § 203.

29. At all relevant times, Defendant Charles Betts exercised the authority to: (a) hire and fire employees of TCF; (b) determine the work schedules of the employees of TCF; (c) determine the wages of the employees of the City's Finest; and (d) control the finances and operations of TCF.

30. Given the level of control exerted over the operations of TCF, Charles Betts was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

31. At all relevant times, Defendants "employed" Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203(e)(2)(C).

32. The FLSA requires each covered-employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

33. At all relevant times, Plaintiffs were non-exempt employees, subject to the FLSA, 29

U.S.C. § 213.

34. During the relevant period, Plaintiffs, regularly worked more than forty hours in a workweek.

35. During the relevant period, Defendants willfully failed to pay Plaintiffs an overtime premium for their hours worked over forty in a given workweek.

36. Plaintiffs questioned and complained about Defendants' failure to pay overtime premiums to management at TCF on multiple occasions.

37. Accordingly, Defendants had multiple opportunities to rectify their noncompliance with federal and state wage laws but failed to do so.

38. As a result of Defendants' failure to compensate Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

39. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

**COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW**

41. Plaintiffs reallege and incorporate all allegations above as if actually set forth herein.

42. At all relevant times, Defendants were employers, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

43. At all relevant times, Plaintiffs were covered employees, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(3).

44. The MMWL requires employers, including Defendants, to pay employees for hours

worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

45. Defendants have willfully failed and refused to pay its Security Officers, including Plaintiffs, an overtime premium equivalent to one and one-half times their regular rate of pay whenever these employees work more than forty hours in a workweek.

46. As a result of Defendants' failure to compensate Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Lamar Tolden and Jadyn Smith, pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the MMWL and the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

6

        s/*Alan G. Crone*
Alan G. Crone, (Mo Bar No. 73285)
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com

*Attorney for Plaintiffs*

## DECLARATION AND VERIFICATION

I, Lamar Tolden, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendants but in sincerity and truth for the causes mentioned in the Complaint.

_____
Lamar Tolden

02 / 03 / 2025
_____
Date

I, Jadyn Smith, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendants but in sincerity and truth for the causes mentioned in the Complaint.

_____
Jadyn Smith

02 / 04 / 2025
_____
Date



|  |  |
|---|---|
| Title | Tolden/Smith Verified Complaint |
| File name | Verified_Complain..._MF_name_edit.pdf |
| Document ID | d13da8f462e7d5634ffe76664a807b418b5af963 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History

**SENT** — 02 / 03 / 2025, 14:48:31 UTC-6
Sent for signature to Lamar Tolden (lamartolden@yahoo.com) and Jadyn Smith (dejaionafine@yahoo.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED** — 02 / 03 / 2025, 15:16:49 UTC-6
Viewed by Lamar Tolden (lamartolden@yahoo.com)
IP: 104.28.78.96

**SIGNED** — 02 / 03 / 2025, 15:17:30 UTC-6
Signed by Lamar Tolden (lamartolden@yahoo.com)
IP: 104.28.78.100

**VIEWED** — 02 / 04 / 2025, 05:52:41 UTC-6
Viewed by Jadyn Smith (dejaionafine@yahoo.com)
IP: 99.95.150.191

**SIGNED** — 02 / 04 / 2025, 05:53:30 UTC-6
Signed by Jadyn Smith (dejaionafine@yahoo.com)
IP: 99.95.150.191

**COMPLETED** — 02 / 04 / 2025, 05:53:30 UTC-6
The document has been completed.

Powered by Dropbox Sign