**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LAMAR TOLDEN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00141-MTS |
| ) | |
| THE CITY'S FINEST, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Court dismissed a previous version of this action for Plaintiffs counsel's repeated failures to comply with deadlines and Court orders. *Tolden v. City's Finest, LLC*, 4:23-cv-01535-MTS, 2025 WL 252466 (E.D. Mo. Jan. 21, 2025). The Court found that dismissal with prejudice would have been appropriate. *Id.* at *2, n.3. Nevertheless, the Court dismissed the action without prejudice, specifically noting that such a dismissal would "allow Plaintiff to thoughtfully consider whether he is prepared to prosecute an action against these Defendants and, if so, allow Plaintiff to file this action again if he determines that he is prepared." *Id.* at *2. Plaintiffs refiled this action, but they apparently did not thoughtfully consider whether they were prepared to prosecute the action.

On April 09, 2025, Defendants moved to dismiss this action with prejudice. Doc. [10]. Plaintiffs' time to oppose the Motion has now lapsed with no response at all from Plaintiffs to Defendants' Motion. *See* E.D. Mo. L.R. 4.01(B). The Court is dumbfounded. It will dismiss this action with prejudice for Plaintiffs' consistent failure to

prosecute this matter and, additionally, will dismiss this action by granting the Plaintiff's unopposed Motion.[*]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [10], is **GRANTED**.  A separate Order of Dismissal dismissing this action with prejudice will be entered herewith.

Dated this 24th day of April 2025.

_____  
MATTHEW T. SCHELP  
UNITED STATES DISTRICT JUDGE

---

[*] *See Scott v. State of Tennessee*, 878 F.2d 382 (6th Cir. 1989) (per curiam table decision) ("Because the plaintiff failed to make a timely response to defendants' motion, the district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious."); *Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016) (mem.) (affirming the district court's dismissal of plaintiff's complaint "based on his failure to oppose the motions to dismiss"); *see also Brown v. Fifth Jud. Dist. Drug Task Force*, 255 F.3d 475, 476 (8th Cir. 2001) (reviewing district court's dismissal for plain error where plaintiff did not respond to defendant's motion to dismiss).  Without anything to the contrary from Plaintiffs, the Court agrees dismissal is appropriate largely for the reasons stated in Defendants' Motion.  *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 667 (D.C. Cir. 2017) (explaining "our adversarial system relies on the arguments presented in the parties' briefs"); *cf. Terrell v. First Student Management LLC*, 4:16-cv-0481-SNLJ, 2016 WL 6679847, at *3 (E.D. Mo. Nov. 14, 2016) (finding plaintiffs failed to allege facts regarding times for which overtime was improperly withheld).